UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| CHANDLER WILLIAM FERGUSON,<br><br>Plaintiff,<br><br>v.<br><br>DIRECTOR, UTAH BUREAU OF CRIMINAL IDENTIFICATION (BCI), et al.,<br><br>Defendants. | **REPORT AND RECOMMENDATION TO DENY MOTIONS TO WAIVE FILING FEE (DOC. NOS. 2 & 41)**<br><br>Case No. 2:26-cv-00311<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

Chandler William Ferguson has filed two motions to waive his filing fee.[1]  Under 28 U.S.C. § 1915, a court may authorize commencement of an action without prepayment of fees by a person who is unable to pay them.[2]  To qualify for a fee waiver under § 1915, a party must show a financial inability to pay.[3]  The District of Utah's local rules permit the court to "find a party indigent based on the information provided on the form motion or if a party's monthly income is equal to or below 200% of the United States poverty guideline."[4]

---

[1] (Application to Proceed in District Court Without Prepaying Fees or Costs (First Mot.), Doc. No. 2; Application to Proceed in District Court Without Prepaying Fees or Costs (Second Mot.), Doc. No. 41.)  Both motions are dated April 13, 2026.

[2] 28 U.S.C. § 1915(a)(1).

[3] *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

[4] DUCivR 3-2(a)(1)(A).  The local civil rules are available at https://www.utd.uscourts.gov/sites/utd/files/Civil%20Rules%20Final%202025.pdf.

Mr. Ferguson does not provide sufficient information to establish he qualifies for a fee waiver. Mr. Ferguson checked a box on his waiver form indicating he received income from a "[b]usiness, profession, or other self-employment" during the past twelve months.[5] But he did not note the source or amount of the income he received, or what income he expects in the future (as the form instructs).

The court identified these deficiencies in Mr. Ferguson's initial motion and ordered Mr. Ferguson to provide additional income information by April 30, 2026.[6] Specifically, the court ordered Mr. Ferguson to complete and file the District of Utah's form motion, entitled "Motion to Proceed In Forma Pauperis (Nonincarcerated Party)."[7] On April 24, Mr. Ferguson filed another motion to waive the filing fee—which was identical to his first, deficient motion, including the date.[8] Mr. Ferguson attached new exhibits to the second motion, but none contain a disclosure of Mr. Ferguson's income (past or present).[9] On April 27, the court notified Mr. Ferguson of the deficiencies in his second motion and reminded him of the April 30 deadline to file the District of Utah's form fee waiver motion.[10] Later the same day, Mr. Ferguson refiled one of the exhibits to his second motion (statements from a savings account), but he did not provide any

---

[5] (First Mot. 1, Doc. No. 2; Second Mot. 1, Doc. No. 41.)

[6] (Order to Supplement Mot. to Waive Filing Fee, Doc. No. 11.)

[7] (*Id.*)

[8] (Second Mot., Doc. No. 41.)

[9] (*See* Doc. Nos. 41-1–41-5.)

[10] (Docket Text Order, Doc. No. 44.)

income disclosure.[11] The April 30 deadline has now passed, and Mr. Ferguson has not filed the District of Utah's form fee waiver motion or any other document disclosing his income.

Because Mr. Ferguson has not disclosed his income, despite acknowledging he received income during the past twelve months, he has not demonstrated an inability to pay the filing fee. Accordingly, the undersigned[12] recommends the district judge deny Mr. Ferguson's motions to waive the filing fee.[13] The undersigned further recommends Mr. Ferguson be given thirty days to pay the filing fee.[14] The court will send this Report and Recommendation to Mr. Ferguson, who is notified of his right to object to it. Any objection must be filed within fourteen days of service.[15] Failure to object may be considered a waiver of objections.

DATED this 4th day of May, 2026.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[11] (*See* Doc. No. 45 (sealed).)

[12] This case is referred to the undersigned magistrate judge under 28 U.S.C. § 636(b)(1)(B). (*See* Doc. No. 30.)

[13] (Doc. Nos. 2 & 41.)

[14] *See* DUCivR 3-2(a)(1)(D).

[15] *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b).