IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CHANDLER WILLIAM FERGUSON,<br><br>Petitioner,<br><br>v.<br><br>UTAH BUREAU OF CRIMINAL IDENTIFICATION, et al.,<br><br>Defendants. | **MEMORADUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION FOR DENYING MOTIONS TO WAIVE FILING FEE**<br><br>Case No. 2:26-cv-00311-RJS-DAO<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is pro se Petitioner Chandler William Ferguson's Objection[1] to Magistrate Judge Daphne A. Oberg's Report and Recommendation to Deny Ferguson's Motions to Waive Filing Fee.[2] For the reasons stated below, Ferguson's Objection is OVERRULED, and the Report and Recommendation is ADOPTED.

**PROCEDURAL HISTORY**

On April 15, 2026, Ferguson filed the Petition for Writ of Mandamus under 28 U.S.C. § 1361 seeking to compel the Utah Bureau of Criminal Identification and the Federal Bureau of Investigation to void all data entries related to him.[3] Ferguson also filed a Motion to Proceed In Forma Pauperis (IFP).[4]

On April 16, 2026, Judge Oberg issued the Order to Supplement Motion to Waive Filing Fee.[5] Judge Oberg determined the First IFP Motion was deficient because it did not provide

---

[1] Dkt. 53, *Objection to Report and Recommendation (Doc. #52) & Counter-Motion for Fee Waiver* (*Objection*).

[2] Dkt. 52, *Report and Recommendation to Deny Motions to Waive Filing Fee (Doc. Nos. 2 & 41)* (*Report*).

[3] Dkt. 1, *Emergency Petition for Writ of Mandamus Pursuant to 28 U.S.C. § 1361.*

[4] Dkt. 3, *Application to Proceed in District Court Without Prepaying Fees or Costs* (*First IFP Motion*).

[5] Dkt. 11, *Order to Supplement Motion to Waive Filing Fee (Doc. No. 2)*.

sufficient information to establish Ferguson qualifies for a fee waiver.[6]  Specifically, the Motion lacked the source and amount of Ferguson's monthly income.[7]  The Order also noted "Ferguson checked a box indicating he received income from a 'business, profession, or other self-employment' during the previous twelve months."[8]  Judge Oberg ordered Ferguson to supplement the Motion with additional income information by April 30, 2026.[9]

On April 24, 2026, Ferguson filed another Motion to Proceed IFP.[10]  The Second IFP Motion was identical to the First Motion.[11]  The Second IFP Motion included additional exhibits, but none contained information regarding Ferguson's past or expected income.[12]  On April 27, 2026, Judge Oberg issued another order requiring Ferguson to file the fully completed District of Utah's Motion to Proceed IFP form by April 30, 2026, including proof of income from the previous 12 months and expected income the following month.[13]  Later that day, Ferguson filed a savings account statement, but the statement also did not include information regarding his past or expected income.[14]

On May 4, 2026, Judge Oberg issued the Report recommending the IFP Motions be denied.[15]  The Report concluded because Ferguson failed to disclose his income, he did not demonstrate an inability to pay the filing fee.[16]  The Report also recommended Ferguson be

---

[6] *Id.* at 2.

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] Dkt. 41, *Application to Proceed in District Court Without Prepaying Fees or Costs* (*Second IFP Motion*).

[11] *Compare id.*, *with First IFP Motion.*

[12] *See Second IFP Motion.*

[13] Dkt. 44, *Docket Text Order.*

[14] Dkt. 45, *Revolut Savings Statement.*

[15] *Report* at 3.

[16] *Id.*

given 30 days to pay the filing fee.[17]  Later the same day, Ferguson filed an Objection to the Report.[18]  The court now considers both the Report and the Objection.

## LEGAL STANDARDS

Ferguson is a pro se litigant.  Pro se litigants are held to less stringent standards than parties formally represented by lawyers, and their pleadings "are to be construed liberally."[19]  Nevertheless, a litigant's pro se status "does not excuse the obligation . . . to comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure."[20]

The standard of review for a magistrate judge's report and recommendation depends on the sufficiency of the objection.  To qualify as a proper objection that triggers de novo review, the objection must be both timely—that is, made within fourteen days—and "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute."[21]  Under the Tenth Circuit's "firm waiver rule," if an objection is not timely and specific, then the objector has waived "review of both factual and legal questions."[22]  A court may decline to apply the firm waiver rule "when the interests of justice so dictate"—for example, if "the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations."[23]  "[T]his court generally reviews unobjected-to

---

[17] *Id.*

[18] *Objection*.

[19] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[20] *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." (citation modified)).

[21] *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[O]bjections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

[22] *One Parcel of Real Prop.*, 73 F.3d at 1059 (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).

[23] *Moore*, 950 F.2d at 659 (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985)).

portions of a report and recommendation for clear error."[24]

## ANALYSIS

### I.      Standard of Review for the Report.

The court will first consider the standard of review for the Report.  The Report recommends denying Ferguson's IFP Motions because he has not demonstrated an inability to pay the filing fee.[25]  Ferguson objects to the Report on grounds of "artificial indigence via metadata forgery," "targeted economic neutralization," and "monetization of fraud," and that the waiver of filing fees are mandated by United Nations Rule 94,  Charter of the Organization of American States Article 25, and "GRECO" Rule 34.[26]  But, even under the most liberal construction, these proffered explanations do not provide reason for not needing to demonstrate proof of income as required on the application to proceed IFP.[27]  Because the Objection is not "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute,"[28] the court applies the firm waiver rule and reviews the Report for clear error.

### II.     Adopting the Recommendation to Deny IFP Motions

The Report recommends denying the Motions because Ferguson failed to demonstrate his income met the requirements to proceed IFP.[29]  A court may authorize the commencement of an action without prepayment of fees if "the person is unable to pay such fees."[30]  To qualify for a

---

[24] *Zloza v. Indus. Co.*, No. 4:23-cv-17-RJS-PK, 2023 WL 2760784, at *1 (D. Utah Apr. 3, 2023) (first citing *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); then citing Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment).

[25] *Report* at 3.

[26] *Objection* at 1–2.

[27] *See generally Objection.*

[28] *One Parcel of Real Prop.*, 73 F.3d at 1060.

[29] *Report* at 3.

[30] 28 U.S.C. § 1915(a)(1).

fee waiver under 28 U.S.C. § 1915, a "movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action."[31]  The local rules provide, a "court may find a party indigent based on the information provided on the form motion or if a party's monthly income is equal to or below 200% of the United States poverty guideline."[32]

In the IFP Motions, Ferguson indicates he was receiving income from a business, professional, or other self-employment source.[33]  However, Ferguson does not provide any explanation or information regarding the income sources.[34]  Judge Oberg ordered Ferguson multiple times to supplement the IFP Motions by April 30, 2026 with the required information, and warned Ferguson that the IFP application form must be fully completed before the court will review his numerous other filings.[35]  Ferguson did not submit the required information.[36] Because Ferguson did not disclose his income despite acknowledging he received income during the past twelve months, Judge Oberg concluded the IFP Motions should be denied.[37]  The court sees no error with this conclusion.  Without the specific income information, the court cannot determine whether Ferguson's monthly income is below twice the federal poverty guideline, as required by the local rules.[38]  Accordingly, the court overrules the Objection and adopts the Report's recommendation to deny the Motions for IFP.

---

[31] *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

[32] DUCivR 3-2(a)(1)(A).

[33] *First IFP Motion* at 1; *Second IFP Motion* at 1.

[34] *See First IFP Motion*; *Second IFP Motion*.

[35] *See Order to Supplement Motion to Waive Filing Fee*; Dkt. 35, *Docket Text Order*; Dkt. 44, *Docket Text Order*.

[36] *See generally Docket.*

[37] *Report* at 3.

[38] *See* DUCivR 3-2(a)(1)(A).

## CONCLUSION

For the reasons stated above, Petitioner's Objection[39] to Judge Oberg's Report and Recommendation is OVERRULED.  Judge Oberg's Report[40] is ADOPTED and the IFP Motions[41] are DENIED.  Plaintiff shall pay the required court fee within thirty days.  Failure to pay the court fee within such time will result in the dismissal of the Complaint without prejudice. The court will not consider any other motion until the filing fee has been paid in full.

SO ORDERED this 12th day of May, 2026.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge

---

[39] Dkt. 53.

[40] Dkt. 52.

[41] Dkt. 2; Dkt. 41.